UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff,**<br><br>V.<br><br>MICHAEL INGRAM, et al.,<br><br>    **Defendants.** | CRIMINAL ACTION NO. 5:15-cr-78-KKC-REW<br><br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Michael Ingram's Motion for a Bill of Particulars (DE 34).

The Defendant is charged with one count of conspiring to unlawfully distribute Oxycodone, multiple counts alleging unlawful dispensation of Schedule II and Schedule IV controlled substances, and multiple counts of fraudulent dispensation of misbranded drugs in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"). With his motion, the Defendant challenges the sufficiency of the indictment, and requests additional information regarding the conspiracy and unlawful dispensation counts. (DE 34 at 2–3.) In order to properly prepare for trial and to be sufficiently advised of the charges against him, Defendant claims the government must provide (1) the fully inclusive dates he is alleged to have participated in the conspiracy, including withdrawal; (2) the locations where overt acts in furtherance of the conspiracy took place; (3) the specific drug and patient information for those acts; (4) the identity of all co-conspirators; and (5) the date of any meeting at which the government claims Defendant joined the conspiracy and the identity of anyone claiming to have witnessed the same. (DE 34 at 5–6.) Additionally, Defendant

requests the specifics of the government's theory for the unlawful distribution of controlled substance counts. (DE 34 at 6–7.)

"A bill of particulars . . . is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The "accepted general rule is that if the indictment charges in general language all of the essential elements of the offense with sufficient certainty that it is not open to attack on the ground of being fatally infirm but fails to inform the accused with sufficient particularity of the charges against which he will have to defend at the trial, the remedy is to move for a bill of particulars." *United States v. Branan*, 457 F.2d 1062, 1065 (6th Cir. 1972). "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F. App'x 706, 724 (6th Cir. 2008).

The indictment in this case adequately informs Defendant of the charges against him and identifies the applicable statutes and penalties. Count 1 sets forth the dates of the alleged conspiracy and explains its alleged purpose. (DE 1 at 1.) The remaining counts set forth the dates of the alleged violations, identify the allegedly improper prescription numbers, and explain the substances that Defendant allegedly dispensed outside the scope of professional practice and not for a legitimate medical purpose. (DE 1 at 2–3.) A bill of particulars "is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *Salisbury*, 983 F.2d at 1375. The indictment eliminates the possibility of duplicative future charges for the same conduct by identifying the dates of the conspiracy and the specific prescriptions upon which it relies. The government is not required to set

2

forth any further information in the indictment. Fed. R. Crim. P. 7(c) ("[t]he indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged").

In his reply, Defendant essentially abandons any challenge to any Counts other than the charged conspiracy. He persists, however, with several arguments that this Court will address for the Defendant's benefit. *Cf. Allen v. United States*, 867 F.2d 969, 971–72 (6th Cir. 1989) (stating that the overruling of a motion to dismiss an indictment "would have the effect of placing a defendant on notice of precisely the charges that are being lodged against him"). Defendant represents that "the indictment as written could conceivably include every Oxycodone prescription filled by Defendant during the alleged time period covered by the indictment . . . making preparation for trial virtually impossible." (DE 41 at 2.) However, "a defendant is not entitled to discover all the overt acts that might be proven at trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)). In this Circuit "[c]ourts utilize a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense." *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989).

Here, the circumstances of this case do not require any further elucidation than what the Government has already provided. *United States v. Higdon*, 68 F. Supp. 3d 807, 812 (E.D. Tenn. 2014) ("Whether the Court should order the provision of the dates of a particular defendant's entry into or participation in a conspiracy turns largely on the length of the conspiracy and the nature of the discovery in the case."). The indictment alleges a conspiracy to distribute a particular substance over a discrete period outside the scope of professional practice. Here, the substance was required to be distributed pursuant to a written document that necessarily identified the parties to each transaction i.e., a

3

prescription. As a licensed pharmacist, Defendant presumably is not alleging he would be "surprised" by having to defend distribution of Oxycodone during this period *without* a prescription. These facts alone significantly limit the scope of acts Defendant might expect to defend. Further clarification is provided, however, in the remaining counts of the indictment that charge Defendant with unlawful dispensation of Oxycodone. *Cf. Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989) ("There is, of course, authority for the proposition that the overt acts portion of an indictment may be considered in judging the sufficiency of the language of an indictment."). The notice Defendant received was legally adequate, with, or without the Government's additional response that the discovery produced "chronicle[s], in detail, the nature of Ingram's unlawful distribution of Oxycodone pills," available for consideration under the previously described alternative source rule. (DE 40 at 7.)

Any argument that Defendant cannot adequately prepare for trial or would be unduly surprised is further undercut by his recent motion for a continuance to provide the "significant time" necessary to review the "voluminous" discovery produced by the government. (DE 38 at 6.) "[A] defendant is not entitled to a bill of particulars with respect to information which is available through other sources." *United States v. Paulino*, 935 F.2d 739, 750 (6th Cir. 1991), *superseded on other gnds. by stat.*, *United States v. Caseslorente*, 220 F.3d 727 (6th Cir. 2000). Defendant's claim that the "Government relies on the supposition that the mere volume of Discovery is probative of the issue before this Court" (DE 41 at 1) is belied by the Government's specific references to "investigative memoranda, financial records, detailed spreadsheets and other records" and its attached list of discovery produced. (DE 40 at 7.) Nor is there any merit to Defendant's contention that discovery is not helpful unless it informs him of every potential patient interaction potentially

4

presented at trial. (DE 41 at 3.) As noted above "a defendant is not entitled to discover all the overt acts that might be proven at trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993) (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)).

Moreover, Defendant's reliance on the Sixth Circuit's holdings in both and *Salisbury* and *United States v. Rey*, 923 F.2d 1217, 1222 (6th Cir. 1991), is misplaced. In upholding the District Court's denial of a Bill of Particular's under similar circumstances the *Rey* Court stated that "it is not essential that a conspirator know all other conspirators . . . the grand jury's statement of the existence of the conspiracy agreement rather than the identity of those who agree . . . places the defendant on notice of the charge he must be prepared to meet." 923 F.2d at 1222 (citing *United States v. Piccolo*, 723 F.2d 1234, 1239 (6th Cir. 1983). Neither *Rey* nor *Salisbury*, suggests that federal indictments must lay out all of the government's evidence in a case. As noted previously, common sense guides this Court's analysis, and, here, it compels a conclusion that Defendant would be no less surprised that he is charged with agreeing to illicitly distribute oxycodone with others if the indictment added a separate explicit allegation of agreement. The grand jury stated its belief in "the existence of the conspiracy agreement" by indicting the Defendant for conspiring with others to commit a crime and, thus, the Government is not required to furnish the "identity of those who agree" to give Defendant "notice of the charge he must be prepared to meet." *Rey*, 923 F.2d at 1222; *Conspiracy*, BLACK'S LAW DICTIONARY (7th ed. 1999) ("An *agreement* by two or more persons to commit an unlawful act[.]") (emphasis added).

Defendant does not challenge the validity of the indictment or dispute that Count 1 "contains the elements of the offense." *United States v. Woods*, 187 F. App'x 524, 528 (6th Cir. 2006). Whether a conspiracy indictment charges an agreement explicitly or implicitly,

5

when such an allegation is as obvious as here it "gives notice to the defendant of the charges against him," and that is all the law requires. *Rey*, 923 F.2d at 1222. The challenged indictment is facially adequate and, even if it were not, there is no evidence that additional information would be necessary to avoid prejudice to the Defendant at trial. Thus, this Court finds no reason to exercise its discretion to order a bill of particulars. Fed. R. Crim. P. 7(f).

Accordingly, **IT IS ORDERED** that Defendant's Motion for a Bill of Particulars (DE 34) is **DENIED.**

Dated November 30, 2015.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY