UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    Plaintiff,<br>v.<br><br>MICHAEL INGRAM, et al.,<br><br>    Defendant. | CRIMINAL NO. 5:15-78-KKC<br><br><br>**MEMORANDUM<br>OPINION AND ORDER** |

\* \* \* \* \* \* \*

This matter is before the Court on Defendants' Ingram Pharmacy, PLLC, and Hometown Pharmacy, PLLC (the Pharmacy Defendants), motion for a bill of particulars (DE 43).

The Defendant Ingram Pharmacy, PLLC, of which Defendant Michael Ingram is the sole member, is charged with one count of conspiring to unlawfully distribute Oxycodone, multiple counts alleging unlawful dispensation of Schedule II and Schedule IV controlled substances, multiple counts of fraudulent dispensation of misbranded drugs in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"), one count of money laundering, and two counts of knowingly engaging in a monetary transaction in criminally derived property of a value greater than $10,000. The Defendant Hometown Pharmacy of Cynthiana, PLLC, of which Defendant Michael Ingram is the sole member, is charged with one count of money laundering and one count of knowingly engaging in a monetary transaction in criminally derived property of a value greater than $10,000.

With their motion, the Pharmacy Defendants challenge the sufficiency of the indictment, and request additional information regarding the conspiracy counts. (DE 43 at 1.) In order to properly prepare for trial and to be sufficiently advised of the charges against

them, the Pharmacy Defendants claim the government must provide a theory of the case that supports a finding that either of these corporations can be criminally liable for conspiring to act with Mr. Ingram. (DE at 2–3.)

"A bill of particulars . . . is not meant as a tool for the defense to obtain detailed disclosure of all evidence held by the government before trial." *United States v. Salisbury*, 983 F.2d 1369, 1375 (6th Cir. 1993). The "accepted general rule is that if the indictment charges in general language all of the essential elements of the offense with sufficient certainty that it is not open to attack on the ground of being fatally infirm but fails to inform the accused with sufficient particularity of the charges against which he will have to defend at trial, the remedy is to move for a bill of particulars." *United States v. Branan,* 457 F.2d 1062, 1065 (6th Cir. 1972). "[T]he test in ruling on a motion for a bill of particulars is whether providing such details is necessary to the preparation of the defense and avoidance of prejudicial surprise." *United States v. Musick*, 291 F.App'x 706, 724 (6th Cir. 2008).

The indictment in this case adequately informs Defendants of the charges against them and identifies the applicable statutes and penalties. Count 1 sets forth the dates of the alleged conspiracy and explains its alleged purpose. (DE 1 at 1.) Counts 2-38 set forth the dates of the alleged violations, identify the allegedly improper prescription numbers, and explain the substances that Defendants allegedly conspired to dispense outside the scope of professional practice and not for a legitimate medical purpose. (DE 1 at 2-3.) The remaining counts set out the property alleged to have been the subject of a monetary transaction in criminally derived property of a value greater than $10,000, more specifically, derived from the unlawful distribution and dispensation of controlled substances.

A bill of particulars "is meant to be used as a tool to minimize surprise and assist defendant in obtaining the information needed to prepare a defense and to preclude a second prosecution for the same crimes." *Salisbury*, 983 F.2d at 1375. The indictment eliminates the

possibility of duplicative future charges for the same conduct by identifying the dates of the conspiracy, the specific prescriptions upon which it relies, and the specific items of property which were involved. The government is not required to set forth any further information in the indictment. Fed. R. Crim. P. 7(c) ("[t]he indictment . . . shall be a plain, concise and definite written statement of the essential facts constituting the offense charged.")

The Pharmacy Defendants' motion focuses its challenge on the charged conspiracies, although the indictment is facially sufficient, this Court will address the issues Defendants' contest with additional specificity for their benefit. *Cf. Allen v. United States*, 867 F.2d 969, 971-72 (6th Cir. 1989) (stating that the overruling of a motion to dismiss an indictment "would have the effect of placing a defendant on notice of precisely the charges that are being lodged against him"). The Pharmacy Defendants represent that they "cannot prepare for trial based on the information supplied in the indictment, as supplemented by the discovery, because the indictment and the discovery do not describe the theory of the government's case[.]" (DE 43 at 2.) However, "[i]t would be improper to use a bill of particulars to compel the Government to disclose the manner in which it will prove the charges or preview its evidence of legal theory." *United States v. Haddix*, No. 5:07-137-JMH, 2007 WL 4553`70, at*2 (E.D. Ky. Dec. 19, 2007) (citation and quotation omitted); *see also United States v. Marks,* 364 F.Supp. 1022, 1030 (E.D. Ky. 1973) ("A bill of particulars is not intended to inform the defendant of the prosecution's legal theories or conclusions."), *rev'd on other grounds*, *Marks v. United States,* 430 U.S. 188 (1977). In this Circuit "[c]ourts utilize a common sense construction in determining whether an indictment sufficiently informs a defendant of an offense." *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989).

Here, the circumstances of this case do not require any further elucidation than what the Government has already provided. The indictment alleges a conspiracy to distribute and dispense a particular substance over a discrete period outside the scope of professional

practice and gives specific dates and information on transactions regarding each charge of that nature. A conspiracy, as defined in Black's Law Dictionary (7th ed. 1999), is "[a]n agreement by two or more persons to commit an unlawful act[.]" As previously noted, common sense guides this Court's analysis, and here it compels a conclusion that the transactions described in the indictment involved other persons than just the Pharmacy Defendants and Defendant Ingram. The indictment alleges specifically that the Defendants "did conspire together and *with others*[.]" (DE 1, emphasis added). The grand jury stated its belief in "the existence of the conspiracy agreement" by indicting the Defendants for conspiring with others to commit a crime and, thus, the Government is not required to furnish the "identify of those who agree" to give the Defendants "notice of the charge [they] must be prepared to meet." *Rey*, 923 F.2 at 1222.

Further, the Defendants' reliance on the Eleventh Circuit's decision in *U.S. v. Stevens*, 909 F.2d 431 (11th Cir. 1990), is misplaced. The *Stevens* court reversed a conspiracy conviction for an individual who wholly-owned the corporation with whom he allegedly conspired to defraud the government in the "absence of another human actor." *Id.* at 431. Here, there has been no conviction on such a theory or even an allegation to that effect, only an indictment has been issued and the Government has not alleged that the sole participants of the conspiracy were the named defendants. "[T]he government is not required to furnish the name of all other co-conspirators in a bill of particulars." *United States v. Crayton*, 357 F.3d 560, 568 (6th Cir. 2004); *see also United States v. Rey*, 923 F.3d 1217, 1222 (6th Cir. 1991). Nor is the government required to disclose the overt acts that might be proven at trial. *Salisbury,* 983 F.2d at 1375 ("a defendant is not entitled to discover all the overt acts that might be proven at trial"). It is telling that the Defendants point to the pattern jury instructions in

support of their argument. (DE 43 at 4.) Jury instructions, like the Defendants' concerns regarding the government's theory of the case, are issues for *trial*.

The Defendants do not challenge the validity of the indictment or dispute that the Counts "contain[] the elements of the offense." *United States v. Woods*, 187 F.App'x 524, 528 (6th Cir. 2006). The indictment "gives notice to the defendant[s] of the charges against [them]," and that is all the law requires. *Rey*, 923 F.2d at 1222. There is no evidence that additional information would be necessary to avoid prejudice to the Defendants at trial and, thus, this Court finds no reason to exercise its discretion to order a bill of particulars. Fed. R. Crim. P. 7(f).

According, **IT IS ORDERED** that Defendants' Motion for a Bill of Particulars (DE 43) is **DENIED**.

Dated March 29, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY