UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    Plaintiff,<br><br>V.<br><br>MICHAEL INGRAM, et al.,<br>    Defendants. | CRIMINAL NO. 5:15-78-KKC-REW<br><br><br>**MEMORANDUM OPINION AND ORDER** |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Michael Ingram's motion for pre-trial restraint of property (DE 45).

On September 3, 2015, the Defendant was indicted on one count of conspiring to unlawfully distribute Oxycodone, multiple counts of unlawful dispensation of Schedule II and Schedule IV controlled substances, and multiple counts of fraudulent dispensation of misbranded drugs in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"). (DE 1.) The indictment also included forfeiture allegations relating to Defendant's real and personal property. On September 25, 2015, Magistrate Judge Weir issued seizure warrants for two vehicles and an airplane identified in the indictment. (DE 45-5.) Following the seizures, the Internal Revenue Service ("IRS") notified the Defendant that it had initiated forfeiture proceedings and published notice of the seizures in local newspapers for three consecutive weeks. (DE 49-2, 49-3.) After the deadline stated in the notices expired, the IRS issued declarations of forfeiture regarding Defendant's property. (DE 49-3.) With his motion, the Defendant alleges that the aforementioned forfeiture proceedings were unlawful seizures, and violations of Magistrate Judge Weir's seizure warrants. (DE 50.)

The Civil Asset Forfeiture Reform Act ("CAFRA"), provides that a motion under 18 U.S.C. § 983(e) is the "exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." 18 U.S.C. § 983(e)(5). Thus, this Court's jurisdiction on review is limited to "collateral due process attacks" on the administrative forfeiture, rather than its merits. *United States v. Dusenbery*, 201 F.3d 763, 768 n.7 (6th Cir. 2000). Although this Court has jurisdiction to hear Defendant's challenges, they nonetheless fail on the merits.

Defendant first argues that the forfeiture proceedings were unlawful violations of his Fifth and Sixth Amendment rights because the administrative process was initiated after the property was identified in the indictment's forfeiture allegations. This argument fails, however, because the statute governing administrative forfeiture proceedings clearly envisions the prospect of contemporaneous criminal and administrative forfeitures. 18 U.S.C. § 983(a)(3)(C) ("In lieu of, or *in addition to*, filing a civil forfeiture complaint, the Government may include a forfeiture allegation in a criminal indictment."). Defendant's apparent belief that Congress would authorize dual proceedings in clear violation of an accused's rights likely arises from a misunderstanding of the divergent nature of these two types of forfeitures.

The Western District of Michigan has previously provided a thorough analysis of the distinction, in brief:

> The theory of criminal forfeiture is completely different from that of civil forfeiture in that because a criminal forfeiture is '*in personam*', its provisions operate as an additional penalty against the defendant. The distinguishing characteristic of criminal forfeiture is that, unlike the *in rem* character of civil forfeiture, the personal guilt of a defendant is at issue.

2

*United States v. Schmalfeldt*, 657 F. Supp. 385, 387 (W.D. Mich. 1987). The varied character of these proceedings belies Defendant's allegation that his right to counsel was violated by a proceeding against his property rather than his person. Defendant maintained his right to counsel for the criminal forfeiture allegations, but that right did not extend to the challenged administrative proceedings. *See Schmalfeldt*, 657 F. Supp. at 394 ("the Court has no difficulty in finding that 21 U.S.C. § 881 is not a criminal proceeding").

Defendant's second challenge is equally unavailing. Defendant claims that the addendum to Judge Weir's seizure warrant only permits forfeiture in the event of a conviction. (DE 50 at 2.) The Court disagrees with this interpretation. The addendum merely explains the basis for Judge Weir's finding of probable cause. (DE 45-5.) There is no suggestion of any intent to limit the avenues by which forfeiture might be effectuated. By its terms both the warrant and the addendum provide broad authority for seizure by "[a]ny authorized law enforcement officer" based on the probable cause Judge Weir found sufficient after assessing several forfeiture statutes—including the administrative forfeiture statute. (DE 45-5.) Although the Court is not convinced that the warrants were so-called "dual seizure" warrants, as the government contends, the Court is certain that Judge Weir did not prohibit administrative seizure. Absent such a contraindication in the warrant, the Government was reasonable in acting upon a belief that congressionally authorized procedures remained available.

Finally, the two district court opinions cited by Defendant to support his allegation that the government cannot pursue both criminal and administrative forfeiture proceedings simultaneously are neither controlling, nor persuasive. *United States v. Real Property in Township of Charlton*, 764 F. Supp. 1219 (E.D. Mich. 1991); *United States v. Millan-Colon*, 836 F. Supp. 994 (S.D.N.Y. 1993). Both these decisions were decided prior to CAFRA and,

3

thus, Congress' explicit declaration that a civil forfeiture complaint may be filed "in addition to" a criminal forfeiture allegation has abrogated both decisions. 18 U.S.C. § 983(a)(3)(C).

In sum, CAFRA authorized contemporaneous civil and criminal forfeiture proceedings. That authorization is consistent with the distinct nature of the two proceedings. *Cf. Helvering v. Mitchell*, 303 U.S. 391, 399 (1938) ("Congress may impose both a criminal and a civil sanction in respect to the same act or omission"). The seizure warrants issued by Judge Weir did not seek to limit the means by which Defendant might forfeit the property seized. The forfeitures were authorized by statute, not prohibited by Court order, and effectuated pursuant to valid procedures.

Accordingly, **IT IS ORDERED** that Defendant's Motion for Pre-Trial Restraint of Property (DE 45) is **DENIED.**

Dated April 12, 2016.

*Karen K. Caldwell*
KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY