UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:15-cr-78-KKC-REW |
| Plaintiff, | |
| V. | MEMORANDUM OPINION AND ORDER |
| MICHAEL INGRAM, et al., | |
| Defendants. | |

*** *** ***

This matter is before the Court on Defendants Michael Ingram, Ingram Pharmacy, PLLC, and Hometown Pharmacy, PLLC's pre-trial motions[1] (DE 53–56; DE 58; DE 59). For the reasons set forth below the motions will be denied.

I. BACKGROUND

On September 3, 2015, the Defendants were indicted on one count of conspiring to unlawfully distribute Oxycodone, multiple counts alleging unlawful dispensation of Schedule II and Schedule IV controlled substances, and multiple counts of fraudulent dispensation of misbranded drugs in violation of the Federal Food, Drug, and Cosmetic Act ("FDCA"). (DE 1.) The indictment was sought by the Government following a lengthy investigation that began with the Kentucky Board of Pharmacy's investigation of Defendant Hometown Pharmacy in early 2011. (DE 63 at 2.) After the DEA joined the

---

[1] These motions were not all filed jointly, however, Defendant Michael Ingram has sought to join in the Pharmacy Defendants' motion for imposition of a deadline, the Pharmacy Defendants noted their desire to join in Defendant Ingram's various motions, and the United States has noted its acquiescence in their joining. (DE 57; DE 60; DE 63 at 2 n.1.). Accordingly, Defendant Michael Ingram's motion (DE 60) will be granted.

investigative team in the fall of 2013, discussions were initiated with the United States Attorney's office regarding the possibility of criminal charges. (DE 63 at 3.) Two years of interviews, service of numerous subpoenas, and several other avenues of investigation followed the 2013 discussions, leading ultimately to the indictment now in dispute. (DE 63 at 2–4.)

Defendants have moved to dismiss the indictment for delay (DE 59), and they seek to impose a deadline for the Government's filing of a superseding indictment (DE 53). Defendants have also moved for various disclosures including: the identity of confidential informants (DE 55), any co-conspirator statements to be offered at trial (DE 54), and the Government's exhibit and witness lists (DE 56; DE 58).

## II. ANALYSIS

### A. Imposition of Deadline

Without precedential support, the Defendants request imposition of a deadline for the Government to obtain a superseding indictment. (DE 53.) This application is seemingly based on the Defendants' fear that any preparation for trial might be undone if a superseding indictment were returned. (DE 53.) However, as the Government points out, "[i]n the event that a superseding indictment were returned in this case, the defendants would be in a position to file motions either: (1) challenging the superseding indictment; and/or (2) for additional time to prepare." (DE 63 at 12–13.) This Court finds no proper basis for limiting on the prosecution's well-established discretion to determine when and what charges to bring before the grand jury beyond those restrictions Congress has imposed by statute. *United States v. Armstrong*, 517 U.S. 456, 464 (1996) ("In the ordinary case, so long as the prosecutor has probable cause to believe that the accused committed an offense

defined by statute, . . . [decisions regarding] what charge to file or bring before a grand jury, generally rests entirely in his discretion.") (internal quotations omitted). The Defendants' motion for imposition of a deadline will be denied.


B. MOTIONS TO COMPEL PRODUCTION AND DISCLOSURE

*1. Rule 801(d)(2)(E) Statements*

Defendants seek disclosure of any co-conspirator statements the Government intends to offer at trial under the hearsay exception created by Federal Rule of Evidence 801(d)(2)(E). (DE 54.) Defendants offer no legal basis for compelling production of such statements in advance of trial. Federal Rule of Criminal Procedure 16(a) governs the prosecution's pre-trial disclosure responsibilities and, as this Circuit has stated, "co-conspirator statements do not fall within [its] ambit[.]" *United States v. Boykins*, 915 F.2d 1573 (6th Cir. 1990). Defendants have advanced no argument that the Jencks Act or the *Brady* rule might mandate disclosure in this case. Accordingly, Defendants' motion to compel production of co-conspirator statements will be denied.

*2. Confidential Informants*

Defendants also move for disclosure of the identity of confidential informants and production of discovery related to such informants. (DE 55.) Defendants bore the initial burden to show that this information is helpful or essential to their being given a fair trial. *United States v. Beals*, 698 F.3d 248, 269 (6th Cir. 2012). The Defendants' claim that "there are likely additional witnesses which the Government intends to rely on at trial who may have not been disclosed to the Defense" is belied by the Government's express certification that no confidential informants currently exist. (DE 55-1 at 2; DE 63 at 14.) This Court

cannot order the Government to disclose information it does not have, thus, this motion will also be denied.

### 3.  *Government Exhibits & Witnesses*

Additionally, the Defendants seek disclosure of the Government's witness and exhibit lists. (DE 56; DE 58.) "[I]n most criminal prosecutions, the Brady rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." *United States v. Presser*, 844 F.2d 1275, 1285 n.12 (6th Cir. 1988) (internal citations omitted). This Circuit does recognize a limited exception for compulsion of additional disclosures when justice so requires. *Id.* However, this Court does not find that Defendant has demonstrated a specialized need for a list of witnesses or exhibits in advance of trial that would justify departure from the discovery already provided for in the pre-trial orders entered in this case. (DE 17; DE 30.)

The Defendants' argument regarding the complexity of this case is similar to the facts presented in *United States v. Bennett*. No. 3:07-CR-81, 2008 WL 701644 (E.D. Tenn. Mar. 13, 2008), *aff'd*, 439 F. App'x 501 (6th Cir. 2011). The *Bennett* Court aptly summarized why complexity cannot alone justify the exercise of this Court's inherent power that Defendant now seeks:

> Certainly, this Defendant would be better prepared to meet the government's accusations if he had more information about the facts, witnesses, and exhibits that may come up at trial. This, however, does not distinguish Defendant [ ] from most, if not all, criminal defendants.

*Id.* at *8. Because Defendant has provided no adequately compelling reason why justice would require disclosure of the Government's witness or exhibit lists at this time, the motions will be denied.

C. INDICTMENT DELAY

The Defendants seek dismissal of the conspiracy, drug distribution, and misbranding counts of the indictment based on allegedly prejudicial pre-indictment delay. (DE 59-1.) The Supreme Court has recognized that the Fifth Amendment Due Process Clause may be implicated by oppressive pre-indictment delay. *See United States v. Marion*, 404 U.S. 307, 324–35 (1971). However, the Sixth Circuit has made clear that "dismissal for pre-indictment delay is warranted only when the defendant shows [1] substantial prejudice to his right to a fair trial and [2] that the delay was an intentional device by the government to gain a tactical advantage." *United States v. Schaffer*, 586 F.3d 414, 424 (6th Cir. 2009) (internal citations omitted). Though the adequacy of the Defendants' representations regarding the prejudice prong is questionable, this Court need only address this test's second prong to resolve this motion. Because the Defendants have not shown that any pre-indictment delay resulted from a purposeful attempt by the government to gain a strategic benefit, this motion will be denied.

Defendants state that nearly all of the specific acts contained in the September 3, 2015, indictment occurred no later than January 2012. (DE 59-1 at 2.) Defendants also note that the statute of limitations on several of the charged offenses was due to expire soon after the indictment was filed. (DE 59-1 at 8.) Defendants then proceed to infer that:

> The timing of the indictment, coupled with the fact that much of the investigation leading agents to believe Defendant was involved in a conspiracy with Trinity Medical Center was obtained in 2010, 2011, and 2012, suggests that the timing of the indictment was not due to lack of evidence by the Prosecution or a continued investigation. The Government's inability to explain the three (3) to five (5) year delay in pursuing an indictment in this matter after it had a reasonable opportunity for investigation into the alleged conduct between 2010, and 2012, sheds some light on its motives in failing to bring an indictment sooner.

(DE 59-1 at 8–9.) Defendants go on to represent that the Government *potentially* failed to preserve critical evidence in this case; that the Government *likely* cannot show that its investigation was ongoing prior to seeking an indictment; and that "the Government's intent to delay prosecution until after spoliation of substantial exculpatory evidence can be inferred by its conduct." (DE 59-1 at 9.) Defendants find support for these allegations in the absence of additional investigation notations in an FDA Report following (1) a January 28, 2015, meeting during which the investigative team discussed necessary additional investigation, and (2) a February 2015 meeting at which Assistant United States Attorney Cynthia Rieker and Special Agent Mark Bartley reviewed a preliminary indictment draft. (DE 59-1 at 9–10.)

It is difficult to discern a basis for the Defendant's representations regarding the Government's purported "inability" to explain the delay in filing an indictment, given that this allegation was made before the Government was ever tasked with providing an explanation. In any event, the Government has responded that any delay was a result of its continued investigation. (DE 63 at 8.) The Government has summarized its investigative activities, including witness interviews, obtaining grand jury subpoenas, and obtaining technical assistance to access a copy of the software system used by Defendants in operating a pharmacy that did not conclude until September 2015, the month the indictment was filed. (DE 63 at 8–10.) Regarding the spoliation allegations, the Government has explained that certain items were inadvertently not produced[2], that the records for electronic reporting services are still maintained by those services, and that the

---

[2] That such mistakes might have occurred should come as no surprise given Defendant's prior motion for a continuance to provide the "significant time" necessary to review the "voluminous" discovery produced by the Government. (DE 38 at 6.)

duplicate of the software system used in day-to-day pharmacy activities continues to be available for defense counsel's investigation. (DE 63 at 6–8.)

This Court finds the Government's coherent summary of the progression of its investigation significantly more convincing that the cherry-picked dates and portions of discovery which the Defendants offer in support of what is little more than self-serving speculation. *See United States v. Schaffer*, 586 F.3d 414, 426 (6th Cir. 2009) ("The applicable standard [ ] neither imputes nor presumes an improper purpose where the defendant simply cannot fathom a valid reason for the delay[; Defendants must] demonstrate that the Government had no valid reason for the delay.") (internal citation omitted). "[T]he acceptability of a pre-indictment delay is generally measured by the applicable statute of limitations." *United States v. Atisha*, 804 F.2d 920, 928 (6th Cir. 1986), *cert. denied*, 479 U.S. 1067 (1987). The Defendants have provided no persuasive justification for disregarding this general presumption, and there is no allegation that any of the charges were filed outside the limitations period. Thus, Defendants' motion to dismiss for pre-indictment delay will be denied.

Accordingly, **IT IS ORDERED** as follows:

1. Defendant Michael Ingram's motion to join in the Pharmacy Defendant's motion (DE 60) is **GRANTED**;

2. Defendants' motion for imposition of a deadline (DE 53) is **DENIED**;

3. Defendants' motion to compel disclosure of co-conspirator statements (DE 54) is **DENIED**;

4. Defendants' motion to compel disclosure of confidential informant information (DE 55) is **DENIED**;

7

5.   Defendants' motion to compel disclosure of Government exhibits (DE 56) is

**DENIED**;

6.   Defendants' motion to compel disclosure of Government witnesses (DE 58) is

**DENIED**;

7.   Defendants' motion to dismiss the indictment for delay (DE 59) is **DENIED**.

Dated May 20, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY