**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION -- LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CRIMINAL NO. 5:15-cr-78-KKC-REW-1** |
|     **Plaintiff,** | |
| **V.** | **MEMORANDUM OPINION AND** |
| | **ORDER** |
| **MICHAEL INGRAM,** | |
|     **Defendant.** | |

This matter is before the Court on Defendant Michael Ingram's motion to modify his release conditions (DE 65) as set forth in Magistrate Judge Robert E. Wier's September 23, 2015, Order. (DE 26).

On September 3, 2015, the Defendant was indicted on one count of conspiring to unlawfully distribute Oxycodone, multiple counts alleging unlawful dispensation of controlled substances, and multiple counts of fraudulent dispensation of misbranded drugs in violation of the Federal Food, Drug, and Cosmetic Act. (DE 1.) After the United States withdrew its motion for pretrial detention, Judge Wier set conditions for his release, which included the placement of sole discretion for any curfew restriction in the hands of "the pretrial services office or supervising officer." (DE 26.) Pre-trial services initially restricted Defendant to his home from 8:30 p.m. to 7:30 a.m., but Defendant's probation officer permitted several extensions of this curfew for purposes of travel to family events. (DE 65-1.) Defendant now requests lifting of this condition both because his curfew restriction "generally prohibits him from traveling with his spouse for family events" due to the length of travel necessary, and also because United States Probation Officer John D'Alessandro had previously stated he would not object to lifting the curfew restriction.

This Court's review of Judge Wier's release order is governed by 18 U.S.C. § 3145. While the statute does not set forth a standard of review, district courts in this Circuit have generally

applied a *de novo* standard. *United States v. Watkins*, No. 13-02-KSF, 2013 WL 614252, at \*3 (E.D. Ky. Feb. 19, 2013) (collecting cases). Accordingly, this Court will independently decide if the conditions imposed, including the curfew, are the "least restrictive . . . combination of conditions . . . [that] will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]" 18 U.S.C. § 3142(c)(1)(B). Because this Court finds that the conditions imposed by Judge Wier satisfy this standard, Defendant's motion will be denied.

Upon consultation with Defendant's probation officer, this Court has learned that Defendant has not, to date, been denied any request for an extension of his curfew. Although the curfew set by pretrial services might appear to restrict Defendant's travel on its face, in practice, Defendant has not been denied any travel opportunities through enforcement of his curfew condition. The only concrete burden the curfew condition has imposed on Defendant is that he is required to ask for permission before he makes travel plans. Defendant faces serious charges. Under the circumstances this Court does not find that requiring a mere telephone call is unduly restrictive. *See* 18 U.S.C. § 3142(c)(1)(B). If nothing else, this requirement will ensure Defendant's probation officer is aware of any long distance travel plans, thus decreasing the likelihood of Defendant obtaining an unfettered opportunity to flee.

Accordingly, **IT IS ORDERED** that Defendant's motion to modify the terms of his release (DE 65) is **DENIED**.

Dated June 1, 2016.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY