UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>V.<br><br>MICHAEL INGRAM,<br><br>    Defendant. | CRIMINAL ACTION NO. 5:15-78-KKC<br><br><br>OPINION AND ORDER |

*** *** ***

This matter is before the Court on Defendant's emergency motion for compassionate release. Defendant Michael Ingram was sentenced on November 13, 2017 to 96 months imprisonment and seven years of supervised release. (DE 149.) On April 27, 2020, Defendant filed an emergency motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), asking that the Court modify his sentence to either release him to a period of supervised release or release him to home confinement. (DE 160.) Under that statute, a court may modify a term of imprisonment if –

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[1]… after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent that they are applicable… it finds that extraordinary and compelling reasons warrant such a reduction… and that such a reduction is consistent with

---

[1] As the government notes, Defendant submitted a request for compassionate release to the warden of FCI Cumberland, where he is currently incarcerated, on March 25, 2020, and he has fully exhausted his administrative remedies. (DE 162 at 7.)

1

> applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a policy statement that, in the relevant part, allows a court to grant compassionate release or a sentence reduction only where, "(1) extraordinary or compelling reasons warrant a reduction in a defendant's sentence, (2) the defendant is not a danger to the safety of others or the community, and (3) release from custody complies with § 3553(a) factors." *United States v. Lake*, 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)).

Defendant argues that he should be released from custody because he is particularly vulnerable to the disease caused by the novel coronavirus, COVID-19. (DE 160 at 2.) In support of this argument, Defendant reports that he has "a pathogenic genetic variant identified as being 'consistent with a diagnosis of Lynch syndrome'" and that "'[i]ndividuals with Lynch syndrome… have an increased risk of colorectal cancer;'" that "[t]he BOP has found it necessary to examine [his] heart on at least two occasions" and that he "may have developed a heart problem over the last year;" and that he is obese. (DE 160 at 2.) Simply put, even in the context of the ongoing public health crisis, Defendant has failed to establish that "extraordinary or compelling reasons warrant" his release from custody. While the medical condition of a defendant may in certain circumstances establish the requisite "extraordinary and compelling reasons," Defendant has not shown that he "is suffering from a terminal illness (*i.e.*, a serious and advanced illness with an end of life trajectory)" or "is suffering from a serious physical or medical condition,… serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes [his] ability… to provide self-care within the environment of a correctional facility and from which he… is not expected to recover."

U.S.S.G. §1B1.13, comment. (n.1) (2018).[2] Further, contrary to Defendant's contention (DE 160 at 11), Application Note 1(D)[3] is clearly irrelevant in this case. "By its plain language, Application Note 1(D)'s 'other reasons' determination is reserved for the Director of the BOP. This Court has expressly declined to consider what might constitute 'other reasons' under subsection 1(D)." *United States v. Girod*, No. 5:15-CR-087-DCR, 2020 WL 1931242, at *3 (E.D. Ky. Apr. 21, 2020). As the government's response to Defendant's motion makes clear, the BOP has not identified any extraordinary or compelling reasons in Defendant's case. (DE 162 at 17.)

Accordingly, the Court hereby ORDERS that Defendant's emergency motion for compassionate release (DE 160) is DENIED.

Dated May 6, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[2] "28 U.S.C. § 994 authorizes the United States Sentencing Commission to define 'extraordinary and compelling reasons.'" *Lake*, 2019 WL 4143293, at *2 (citation and internal quotation marks omitted).
[3] That subsection allows that "extraordinary and compelling reasons" may exist for "Other Reasons," specifically, "As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. §1B1.13, comment. (n.1) (2018).