**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**LEXINGTON**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL NO. 5:15-78-KKC |
|     **Plaintiff,** | |
| **v.** | **OPINION AND ORDER** |
| **MICHAEL INGRAM,** | |
|     **Defendant.** | |

**\*\*\*\* \*\*\* \*\*\***

This matter is before the Court on Defendant Michael Ingram's motion (DE 178) for the Court to reconsider its opinion denying his second motion for compassionate release (DE 177). For the following reasons, Ingram's motion is denied.

## I. Background

On February 18, 2021, Ingram moved a second time for compassionate release, claiming that release was necessary because his chronic health conditions made him susceptible to serious illness or death from COVID-19. (DE 167 at 7, 9-14.) Ingram further argued that he was imprisoned in FCI Cumberland, a facility with past and current COVID-19 infections that created a "heightened risk" of COVID-19 to its detainees. (*Id.* at 7-9, 14-18.)

This Court denied Ingram's second motion for compassionate release on April 8, 2021. (DE 177.) For purposes of the motion, the Court "assume[d] that Ingram's purported health conditions amidst the COVID-19 pandemic in a prison setting present extraordinary and compelling circumstances that would warrant a sentence reduction." (*Id.* at 3.) However, the Court found that, based on the Section 3553(a) sentencing factors, release was not warranted. (*Id.* at 4-5.) In reaching this conclusion, the Court first noted that it "previously

1

considered these factors in sentencing Ingram and ha[d] reconsidered these factors for the purposes of th[e] motion." (*Id.* at 4.) The Court then explicitly discussed the nature and circumstances of Ingram's crimes, his criminal history, his sentencing guideline range, his time served, the sentences of his co-defendants, his participation in the RDAP program, his participation in adult continuing education courses, and the need for his prison term to deter future criminal conduct, promote respect for the law, and provide just punishment. (*Id.* at 4-5.) On balance, the Court ultimately concluded that Ingram's "release [was] simply not appropriate." (*Id.* at 5.)

Now, Ingram moves the Court to reconsider its denial of his second motion for compassionate release. (DE 178).

## II. Analysis

"[C]ourts adjudicating motions to reconsider in criminal cases typically evaluate such motions under the same standards applicable to a civil motion to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e)." *United States v. Guzman*, Criminal Case No. 5:16-CR-41-JMH-EBA, 2019 WL 4418015, at *2 (E.D. Ky. Sept. 16, 2019) (citation and quotation marks omitted). The standard for a motion to reconsider under Rule 59(e) is "necessarily high." *Hewitt v. W. & S. Fin. Grp. Flexibly Benefits Plan*, Civil Action No. 16-120-HRW, 2017 WL 2927472, at *1 (E.D. Ky. July 7, 2017). A court may only grant a Rule 59(e) motion if the moving party shows (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in the controlling law; or (4) a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) (citations omitted).

"District courts should consider all relevant § 3553(a) factors before rendering a compassionate release decision." *United States v. Jones*, 980 F.3d 1098, 1114 (6th Cir. 2020). "But as long as the record *as a whole* demonstrates that the pertinent factors were taken into

account by the district court[,] a district judge need not specifically articulat[e] its analysis of every single § 3553(a) factor." *Id.* (emphasis in original) (citations and quotation marked omitted). In undertaking this analysis, "[t]he district court has substantial discretion." *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020).

Ingram argues that the Court should reconsider its previous opinion to correct a clear error of law or prevent a manifest injustice. (DE 178 at 2.) Specifically, Ingram claims that the Court's opinion "does not address the most relevant § 3553(a) factors." (*Id.* at 3.) These alleged factors are the characteristics that make Ingram "particularly vulnerable to becoming seriously ill from COVID-19," "the need for the sentence imposed . . . to provide [Ingram] with . . . medical care" for his health conditions, and "the kinds of sentences available." (*Id.* at 3-4.)

Here, Ingram has not made the requisite showing that the Court committed a clear error of law. Contrary to Ingram's characterization otherwise, the Court considered all of the relevant § 3553(a) factors as required. In its decision, the Court plainly outlined all of the § 3553(a) factors, noting that "[t]he Court previously considered these factors in sentencing Ingram and has reconsidered these factors for the purposes of this motion." (DE 177 at 3-5.) Additionally, the Court explicitly discussed its analysis of the § 3553(a) factors related to the nature and circumstances of Ingram's crimes, his criminal history, his sentencing guideline range, his time served, the sentences of his co-defendants, his participation in the RDAP program, his participation in adult continuing education courses, and the need for his prison term to deter future criminal conduct, promote respect for the law, and provide just punishment. (*Id.* at 4-5.) Therefore, the opinion as a whole demonstrates that the Court took into account the pertinent § 3553(a) factors when deciding whether to grant Ingram compassionate release. And, as Ingram concedes, "[T]he Court need not specifically articulate its analysis of every § 3553(a) factor[.]" (DE 178 at 3.) This concession, in and of

itself, is enough to foreclose Ingram's argument that the Court committed a clear error of law. In short, Ingram has not shown that the Court's opinion contained any error "so egregious that an appellate court could not affirm the district court's judgment." *United States v. Combs*, Criminal Action Nos. 6:04-54-DCR, 7:01-17-DCR, Civil Action No. 6:09-7069-DC, 2012 WL 4460745, at *1 (E.D. Ky. Sept. 26, 2012).[1]

Ingram has also failed to provide any explanation as to how the Court's previous opinion constituted a manifest injustice. Given the high standard for granting motions for reconsideration and the substantial discretion the Court has in deciding motions for compassionate release, the Court cannot find that reconsideration is necessary in these circumstances.

### III. Conclusion

Accordingly, the Court hereby ORDERS that Defendant Michael Ingram's motion (DE 178) for reconsideration is DENIED.

Dated June 22, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY

---

[1] To the extent that Ingram argues that the Court did not address the kinds of sentences available, the Court, in fact, specifically articulated that release was "simply not appropriate" and that it otherwise lacked authority to order Ingram to serve the remainder of his sentence on home confinement. (DE 177 at 5.)