**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION AT LEXINGTON**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CASE NO. 5:15-CR-78-KKC** |
| **Plaintiff,** | |
| **v.** | **OPINION and ORDER** |
| **MICHAEL INGRAM,** | |
| **Defendant.** | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Michael Ingram's motion for early termination of supervised release. (R. 199.) In his motion, Ingram represents that he has complied with all conditions of supervision and has completed more than half of his supervised release term. (*Id.*) He further states that his status on supervised release has prevented him from obtaining life insurance. (*Id.*) Ingram's probation officer confirms his full compliance with all supervision conditions and his significant personal progress. The United States opposes the motion, arguing that early termination would not serve the objectives set forth in 18 U.S.C. § 3553(a). (R. 201.)

Under 18 U.S.C. § 3583(e), a court may terminate a term of supervised release after considering the relevant factors set forth in § 3553(a), including subsections (a)(1), (a)(2)(B)–(D), and (a)(4)–(7). If those factors do not preclude relief, the Court may grant early termination if it is warranted by the defendant's conduct and is in the interests of justice. § 3583(e)(1).

After careful consideration of the applicable § 3553(a) factors, the Court concludes that this is a case warranting early termination. Although the nature and circumstances of the underlying offenses are undoubtedly serious, the remaining factors weigh in his favor.

The need to afford adequate deterrence was satisfied when Ingram pleaded guilty and was sentenced to a term of imprisonment. Since his release, Ingram has fully complied with the conditions of supervision and has demonstrated meaningful personal growth, indicating that he is not a danger to the public and is unlikely to reoffend. Continued supervision does not appear necessary to provide Ingram with educational or vocational training, medical care, or other corrective treatment. There are no pertinent policy statements that weigh against early termination, and restitution is not at issue in this case, as Ingram was not ordered to pay restitution. (*See* R. 149 at 6.)

Accordingly, because the § 3553(a) factors weigh in favor of early termination, the Court may grant such relief if Ingram's conduct and the interests of justice so warrant. § 3583(e)(1). Here, Ingram has demonstrated exemplary conduct. He has consistently reported as directed, complied with substance abuse and mental health treatment requirements, and maintained negative drug screens. He has also reestablished his relationship with his daughter and is actively raising his infant son. In light of his sustained compliance and rehabilitation, the interests of justice support early termination of his supervised release.

Accordingly, the Court hereby ORDERS the following:

1)  Defendant Michael Ingram's motion for early termination of supervised release (R. 199) is GRANTED; and

2)  Defendant Michael Ingram's term of supervised release is hereby TERMINATED.

This 6th day of May, 2026.



**Signed By:**

*Karen K. Caldwell*

**United States District Judge**